UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZICO K. GAYNOR,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,
TRANSUNION LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
AMERICAN EXPRESS COMPANY,
DISCOVER BANK,
SELF FINANCIAL INC., LEAD BANK,
SYNCHRONY BANK,
TD BANK USA, N.A.,
NELNET, INC. AND
CITIBANK, N.A.

Defendants.

Case No.:

## COMPLAINT

### INTRODUCTION

1. Plaintiff Zico K. Gaynor, by and through his undersigned counsel, brings this action against Defendants Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian") (collectively, the "Consumer Reporting Agencies" or "CRAs"), and the furnishers of information identified above (collectively, the "Furnishers"), for systemic, egregious, negligent, and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as well as violations of New York General Business Law §§ 349, 380-b, and 380-j.

2. Defendants' repeated and pervasive failures to comply with their statutory obligations under the FCRA, including the duties to maintain reasonable procedures to assure

maximum possible accuracy of reported information, to provide complete and accurate disclosures of consumer files, to conduct reasonable reinvestigations of disputed information, and to ensure that furnishers investigate, correct, and update disputed Information, have directly and proximately caused Plaintiff substantial and ongoing harm.

3. This harm includes multiple wrongful denials of credit and loans resulting from the dissemination of inaccurate, incomplete, unverifiable, and misleading information appearing on Plaintiff's credit reports, as well as severe emotional distress, anxiety, frustration, reputational injury, and other non-economic damages.

4. The Consumer Financial Protection Bureau ("CFPB") has repeatedly enforced against the CRAs for substantially similar systemic failures, underscoring a nationwide pattern of misconduct that directly parallels the violations alleged herein:

a. On January 17, 2025, the CFPB issued a consent order against Equifax requiring payment of a $15 million civil penalty for failing to properly investigate consumer disputes, ignoring submitted evidence, reinserting previously deleted inaccuracies, issuing confusing and contradictory reinvestigation results, and utilizing flawed systems that perpetuated inaccurate reporting.

b. On October 12, 2023, the CFPB and Federal Trade Commission jointly enforced against TransUnion for inadequate dispute investigations and inaccurate reporting, resulting in $15 million in penalties and redress.

c. On January 7, 2025, the CFPB filed suit against Experian alleging "sham" investigations, insufficient processing of consumer disputes, uncritical deference to furnishers, and improper reinsertion of inaccurate information.

5. Congress enacted the FCRA in 1970 to ensure the accuracy, fairness, and privacy of

consumer credit information. Defendants' knowing and continuing disregard for these statutory mandates has inflicted ruinous consequences upon Plaintiff and demonstrates a deliberate prioritization of operational efficiency and profit over consumer rights.

**PARTIES**

6. Plaintiff Zico K. Gaynor is an individual residing in Ossining, New York.

7. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

8. Defendant TransUnion LLC ("TransUnion") is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

9. Defendant Experian Information Solutions, Inc. ("Experian") is a Nevada corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and regularly conducts business in New York.

10. Defendant American Express Company is a New York corporation with its principal place of business in New York, New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

11. Defendant Discover Bank is a Delaware state-chartered bank with its principal place of business in Greenwood Village, Colorado. It is a furnisher of consumer credit information

as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

12. Defendant Self Financial Inc. / Lead Bank is a partnership between Self Financial (Delaware) and Lead Bank (Missouri), with operations affecting consumers in New York. They are furnishers of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conduct business in New York.

13. Defendant Synchrony Bank is a federal savings bank with its principal place of business in Draper, Utah. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

14. Defendant TD Bank USA, N.A. is a national banking association with its principal place of business in Wilmington, Delaware. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

15. Defendant Nelnet, Inc. is a Nebraska corporation with its principal place of business in Lincoln, Nebraska. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

16. Defendant Citibank, N.A. is a national banking association with its principal place of business in New York, New York. It is a furnisher of consumer credit information as defined by 15 U.S.C. § 1681s-2 and regularly conducts business in New York.

## JURISDICTION AND VENUE

17. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA, 15 U.S.C. § 1681 et seq., and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as

Plaintiff resides in this district, and a substantial part of the events giving rise to the claims occurred in this district, including the dissemination of inaccurate credit reports to lenders and the resulting denials of credit.

## FACTUAL ALLEGATIONS

General Allegations Applicable to All Defendants

19. Plaintiff applied for a mortgage and a credit card account in November 2024.

20. Plaintiff's information was disseminated to known and unknown creditors and lenders.

21. Plaintiff was denied due to adverse, inaccurate and incomplete information reporting on his credit report which caused him harm.

22. Plaintiff requested his full credit file from Annualcreditreport.com, Experian, TransUnion and Equifax failed to provide full file disclosure, which is a violation of 15 U.S.C. § 1681g(a).

23. Plaintiff reviewed his credit reports via the various websites of Experian, TransUnion, and Equifax and discovered inaccurate, incomplete, inconsistent, and erroneous adverse items of information reported on his credit reports.

24. Around January 2026, Plaintiff disputed the completeness and accuracy of his accounts by sending letters to Experian, TransUnion, and Equifax to dispute the inaccurate, incomplete, erroneous information and requested a proper and reasonable reinvestigation per 15 U.S.C. § 1681i. Plaintiff had disputed these items multiple times prior, including around 2026.

25. The CRAs notified the furnisher Defendants, which triggered their duty under 15 U.S.C. § 1681s-2(b).

26. After 30 days, Plaintiff received back his reinvestigation results.

27. Around January 2026, Plaintiff applied for a $100,000 loan with SoFi and credit card with DCU bank.

28. Plaintiff's information was disseminated to known and unknown lenders and creditors.

29. Plaintiff was denied due to adverse information reported on his credit report.

30. Plaintiff reviewed his credit reports and discovered that Equifax, Experian, and TransUnion failed to conduct a proper and reasonable reinvestigation.

31. Equifax and TransUnion failed to mark the disputed items as disputed.

## Specific Allegations Against Experian

Plaintiff disputed the following inaccurate accounts with Experian:

## Tradeline Account Disputes:

32. Discover – 601100XXXXXXXXXX: This account is inaccurate and incomplete; March and April 2019 payment not reported; Balance history is incomplete.

33. Macy's/Citibank NA – 603534XXXXXXXXXX: This account is inaccurate and incomplete; Balance, balance updates, recent payment, monthly payment, and balance history are incomplete and not reported.

34. Self: This account is inaccurate and incomplete; Balance, balance updated, recent payment, monthly payment, and balance history are incomplete and not reported.

35. Experian verified these inaccuracies through sham investigations, failing to adequately process evidence, consistent with CFPB allegations of insufficient intake and investigation steps.

## Specific Allegations Against TransUnion

36. Plaintiff disputed the following inaccurate personal information and accounts with TransUnion, which verified errors without proper reinvestigation:

Inaccurate, outdated, or unauthorized personal information, addresses, telephone numbers, and

employer information.

**Tradeline Account Disputes:**

37. American Express – 349992333430XXXXXXXXXXXXX: This account is inaccurate and incomplete; October and November 2019 is reported 120 days late repeatedly and erroneously; Account date closed is inaccurate; This account re-aged; Balance, Past Due, Remarks, data not reported; Date charged off is inaccurate.

38. Discover Card – 601100527399****: This account is inaccurate and incomplete; July to March 2000 is reported 120 days late repeatedly and erroneously; Account date closed is inaccurate; This account re-aged; Balance, Past Due, Remarks, data not reported; Date charged off and date closed is inaccurate.

39. Self Financial – 0000000001372****: This account is inaccurate and incomplete; This account is outdated; Account date closed is inaccurate; Balance, Past Due, Remarks, data not reported; Date charged off and date closed is inaccurate.

40. Sync /Walmart Card – 523914171940****: This account is inaccurate and incomplete; This account is outdated; Account date closed is inaccurate with payment history; Balance, Past Due, Remarks, data not reported; Date charged off and date closed is Inaccurate.

41. TD Bank /Target Credit – 585975206003***: This account is inaccurate and incomplete; This account is outdated; account date closed is inaccurate with the payment history; balance, past due, remarks, data not reported; date charged off and date closed is inaccurate; February 2016 to January 2019 payment is not reported; November to December 2019 is reported 120 days late repeatedly and erroneously.

42. Dept of Ed / Nelnet – 1839016814FD0****: Account date closed is inaccurate with payment history; The entire payment history is not reported.

43. Dept of Ed / Nelnet – 1839016814FD0****: Account date closed is inaccurate with payment history; The entire payment history is not reported.

44. Dept of Ed / Nelnet – 1839016814FD0*****: Account date closed is inaccurate with payment history; The entire payment history is not reported or incomplete.

45. Dept of Ed / Nelnet – 1839016814FD0: Account date closed is inaccurate with payment history; The entire payment history is not reported.

46. Dept of Ed / Nelnet – 1839016814FD0****: Account date closed is inaccurate with payment history; The entire payment history is not reported.

47. Dept of Ed / Nelnet – 1839016814FD0****: Account date closed is inaccurate with payment history; The entire payment history is not reported.

48. Dept of Ed / Nelnet – 1839016814FD0*****: Account date closed is inaccurate with payment history; The entire payment history is not reported or incomplete.

49. TransUnion verified these inaccuracies without proper reinvestigation, ignoring Plaintiff's evidence and failing to delete or correct, consistent with CFPB/FTC findings of accuracy failures. TransUnion failed to conduct a proper and reasonable investigation and failed to mark the accounts disputed.

## Specific Allegations Against Equifax

50. Plaintiff disputed the following inaccurate accounts with Equifax:

### Tradeline Account Disputes:

51. Discover Account Number xxxxxxxxxxxx 6952: This account is inaccurate and incomplete; June 2016 to January 2020 payment not reported; Date of Last Activity, Date

of First Delinquency not reported.

52. TD Bank USA/Target Credit – Account Number xxxxxxxxxxxx 4359: This account is inaccurate and incomplete; February 2016 to December 2019 payment not reported; Date of Last Activity, Date of First Delinquency not reported.

53. Amex xxxxxxxxxxxx 1533: This account is inaccurate and incomplete; April 2016 to December 2019 payment not reported; Date of Last Activity, Date of First Delinquency not reported.

54. Self xxxxxxxxxxxxxxxx 6269: This account is inaccurate and incomplete; December 2021 and February 2022 payments are reported 60 days late inaccurately instead of 30 days late.

55. Equifax failed to conduct a reasonable reinvestigation. In January 2026, Equifax provided confusing and contradictory results, verifying items as accurate without updates, consistent with CFPB findings of sham investigations and flawed systems. Equifax failed to mark the disputed items as disputed.

56. As a direct and proximate result of Defendants' inaccurate and unlawful credit reporting, Plaintiff suffered concrete and particularized harm. Plaintiff was denied credit and loan opportunities for which he otherwise would have qualified, including denials of a mortgage, credit card, and a $100,000 loan, resulting in lost financial opportunities and increased costs of credit. Plaintiff was further forced to expend time, effort, and resources attempting to correct the inaccurate reporting.

57. In addition, Plaintiff experienced emotional distress, anxiety, frustration, and mental anguish, as well as financial stress and reputational harm, caused by the continued

presence of false and misleading information on his credit report. These injuries are actual, real, and measurable, and not merely procedural or speculative.

## CLAIMS FOR RELIEF

## AS AND FOR A FIRST CAUSE OF ACTION

**I. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) (Against Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc.)**

58.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

59.  Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc. failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by 15 U.S.C. § 1681g(a), by including inaccurate, incomplete, and outdated information, omitting critical account details, and refusing to delete or correct disputed items despite evidence. This failure perpetuated errors identified in CFPB actions against each Defendant.

60.  These violations were negligent and/or willful, entitling Plaintiff to actual damages (e.g., credit denials, loan denial worth $100,000), statutory damages up to $1,000 per violation, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

**II. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) (Against Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc.)**

61.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

62.  Defendants Equifax Information Services LLC, TransUnion LLC, and Experian

Information Solutions, Inc. failed to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b), resulting in the dissemination of inaccurate, incomplete, and unverifiable information to third parties.

63.  These failures mirror the CFPB's findings against Defendants, including flawed software (Equifax), accuracy deficiencies in reports (TransUnion), and sham processes (Experian), demonstrating a pattern of systemic noncompliance.

64.  These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A THIRD CAUSE OF ACTION

### III. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681i (Against Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc.)

65.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

66.  Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc. failed to conduct reasonable reinvestigations of Plaintiff's disputes, as required by 15 U.S.C. § 1681i, by ignoring submitted evidence, allowing reinsertion of inaccuracies, providing confusing results, and relying on automated verifications without meaningful review.

67.  Had Defendants conducted proper reinvestigations, they would have updated, deleted, or

blocked the disputed items under 15 U.S.C. § 1681i(a)(5) and marked accounts as disputed. Specifically, Defendants violated: a. 15 U.S.C. § 1681i(a)(2): By failing to promptly notify furnishers of disputes and provide all relevant information. b. 15 U.S.C. § 1681i(a)(4): By failing to review and consider all relevant consumer-submitted information. c. 15 U.S.C. § 1681i(a)(5): By failing to delete or modify inaccurate/incomplete information and prevent reappearance. d. 15 U.S.C. § 1681i(a)(6)(B)(iii): By failing to provide descriptions of investigation procedures upon request. e. 15 U.S.C. § 1681i(a)(7): By failing to timely provide requested investigation Descriptions.

68. These violations align with CFPB findings of improper investigations (Equifax), accuracy failures (TransUnion), and sham processes (Experian).

69. These violations were negligent and/or willful, entitling Plaintiff to actual damages, statutory damages, punitive damages, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A FOURTH CAUSE OF ACTION

**IV. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) – Failure to Conduct Reasonable Investigation (Against Defendants American Express Company, Discover Bank, Self Financial Inc. / Lead Bank, Synchrony Bank, TD Bank USA, N.A., Nelnet, Inc., Citibank, N.A.)**

70. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

71. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information after receiving notice of the dispute from one or more consumer reporting agencies.

72. As a direct and proximate result of the Furnisher Defendants' failure to conduct a reasonable investigation, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation and score, credit denials including a $100,000 loan denial, inability to obtain credit, and other financial and non-economic damages.

73. The Furnisher Defendants' conduct was negligent and/or willful.

74. Plaintiff is entitled to recover actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n for the Furnisher Defendants' willful violations.

75. Alternatively, Plaintiff is entitled to recover actual damages and litigation costs pursuant to 15 U.S.C. § 1681o if the Furnisher Defendants' violations are found to be negligent.

## AS AND FOR A FIFTH CAUSE OF ACTION

### V. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(B) – Failure to Review All Relevant Information and Note Dispute (Against Defendants American Express Company, Discover Bank, Self Financial Inc. / Lead Bank, Synchrony Bank, TD Bank USA, N.A., Nelnet, Inc., Citibank, N.A.)

76. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

77. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff and forwarded by the consumer reporting agencies (including Equifax, TransUnion, Experian, and others), and by failing to promptly notify the consumer reporting agencies that the disputed information was disputed.

78. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to Plaintiff's credit reputation and rating, credit denials including a $100,000 loan denial, inability to obtain credit, and other injuries and damages.

79. The Furnisher Defendants' conduct was negligent and/or willful.

80. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

81. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A SIXTH CAUSE OF ACTION

### VI. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(C) – Failure to Report Accurate Information After Dispute (Against Defendants American Express Company, Discover Bank, Self Financial Inc. / Lead Bank, Synchrony Bank, TD Bank USA,N.A., Nelnet, Inc., Citibank, N.A.)

82 .Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

83. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report complete and accurate information to the consumer reporting agencies after the dispute was received.

84. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials including a $100,000 loan denial, inability to obtain credit, and other financial and non-economic damages.

85. The Furnisher Defendants' conduct was negligent and/or willful.

86. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

87. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### VII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(D) – Failure to Report Results to All Consumer Reporting Agencies (Against Defendants American Express Company, Discover Bank, Self Financial Inc. / Lead Bank, Synchrony Bank, TD Bank USA, N.A., Nelnet, Inc., Citibank, N.A.)

88. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

89. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report the results of the investigation to all consumer reporting agencies to which the Furnisher Defendants had provided the disputed information (including Equifax, TransUnion, Experian, and other consumer reporting agencies known and unknown).

90. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials including a $100,000 loan denial, inability to obtain credit, and other injuries and damages.

91. The Furnisher Defendants' conduct was negligent and/or willful.

92. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

93. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### VIII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(E) – Failure to Modify, Delete, or Block Inaccurate/Unverifiable Information (Against Defendants American Express Company, Discover Bank, Self Financial Inc. / Lead Bank, Synchrony Bank, TD Bank USA, N.A., Nelnet, Inc., Citibank, N.A.)

94. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

95. The Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the reporting of disputed items of information that were found to be inaccurate, incomplete, or could not be verified after reinvestigation.

96. The Furnisher Defendants also failed to have reasonable procedures in place to modify or update information in their internal systems and to report the accurate status of disputed accounts to consumer reporting agencies.

97. The Furnisher Defendants further violated this subsection by failing to delete items of information that were incomplete, inaccurate, or could not be verified, and by failing to report the current status of the accounts as "in dispute," which rendered the reporting materially misleading and inaccurate.

98. As a direct and proximate result of the Furnisher Defendants' conduct, Plaintiff suffered injury in fact, including mental and emotional distress, damage to credit reputation, credit denials including a $100,000 loan denial, inability to obtain credit, and other financial and non-economic damages.

99. The Furnisher Defendants' conduct was negligent and/or willful.

100. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant to 15 U.S.C. § 1681n.

101. Alternatively, Plaintiff is entitled to recover actual damages and costs pursuant to 15 U.S.C. § 1681o if the violations are found to be negligent.

## AS AND FOR A NINTH CAUSE OF ACTION

### IX. Willful Noncompliance, 15 U.S.C. § 1681n (Against All Defendants)

102. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

103. Defendants' failures to correct inaccuracies, conduct reasonable reinvestigations, and mark accounts as disputed were willful, in violation of 15 U.S.C. § 1681n, as evidenced by systemic deficiencies documented in CFPB enforcement actions and Defendants' continued noncompliance despite prior penalties.

104. These willful violations caused Plaintiff significant harm, entitling him to statutory damages ($100–$1,000 per violation), punitive damages, and attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION

### X. Violation of N.Y. Gen. Bus. Law § 380-b – Failure to Provide Complete and Accurate Disclosure (Against All Defendants)

105. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

106. Defendants failed to provide complete and accurate disclosures of Plaintiff's credit files, as required by N.Y. Gen. Bus. Law § 380-b, by including inaccuracies and omitting details, causing harm including credit denials and emotional distress.

107. Plaintiff is entitled to actual damages, injunctive relief, and attorney's fees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

### XI. Violation of N.Y. Gen. Bus. Law § 349 – Deceptive Acts and Practices (Against All Defendants)

108. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

109. Defendants engaged in deceptive acts and practices by maintaining and disseminating inaccurate credit reports, failing to correct errors, and not marking disputes, in violation of N.Y. Gen. Bus. Law § 349. These practices were consumer-oriented, materially misleading, and caused injury.

110. Plaintiff is entitled to actual damages (trebled up to $1,000), injunctive relief, and

attorney's fees.

## AS AND FOR A TWELFTH CAUSE OF ACTION

### XII. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a) – Failure to Provide Complete and Accurate Disclosure of Consumer File (Against Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc.)

111.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

112.  Pursuant to 15 U.S.C. § 1681g(a), consumer reporting agencies are required to make available to consumers, upon request, all information in the consumer's file at the time of the request, including a complete and accurate disclosure of the consumer's credit file, which must clearly and accurately disclose all information in the file.

113.  Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc. failed to provide Plaintiff with a complete and accurate disclosure of his credit files, as required by 15 U.S.C. § 1681g(a).

114.  Specifically, the disclosures provided by these Defendants included inaccurate, incomplete, outdated, and unverifiable information; omitted critical account details (such as complete payment histories, high credit amounts, term durations, dates of last activity, dates of first delinquency, scheduled payment amounts, and actual payment amounts); and failed to reflect corrections or deletions of disputed items despite Plaintiff's repeated disputes and submission of supporting documentation.

115.  The Defendants' disclosures perpetuated the dissemination of erroneous, misleading, and incomplete information, directly contributing to Plaintiff's wrongful credit denials, severely damaged credit score (reduced by over 100 points across reports), reputational

harm, and profound emotional distress (including anxiety, frustration, humiliation, headaches, insomnia, and loss of sleep).

116. These violations were negligent and/or willful, as evidenced by the Defendants' systemic failures documented in multiple Consumer Financial Protection Bureau enforcement actions, including the January 17, 2025 order against Equifax, the October 12, 2023 joint CFPB/FTC action against TransUnion, and the January 7, 2025 lawsuit against Experian, all of which found recurring deficiencies in accurate disclosures and dispute processing.

117. As a direct and proximate result of the Defendants' violations of 15 U.S.C. § 1681g(a), Plaintiff has suffered actual damages, including but not limited to economic losses from credit denials including a $100,000 loan denial, inability to secure new credit, reputational injury, and severe emotional and mental anguish.

118. Plaintiff is entitled to recover actual damages, statutory damages (up to $1,000 per violation), punitive damages, costs of the action, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n (for willful violations) and 1681o (for negligent violations).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award actual damages for financial losses, including credit denials, a $100,000 loan denial, inability to secure credit, and a damaged credit score;

b. Award statutory damages under 15 U.S.C. § 1681n for Defendants' willful violations of the FCRA;

c. Award punitive damages to deter Defendants' willful and reckless conduct;

d. Award compensatory damages for emotional distress, reputational harm, and mental anguish;

e. Order Defendants to correct, delete, or block all inaccurate and incomplete information from

Plaintiff's credit files and mark accounts as disputed where applicable;

f. Award reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and N.Y.

Gen. Bus. Law § 349;

g. Grant such other and further relief as the Court deems just and proper.

Dated: February 13, 2026


Respectfully submitted,

_____

Adam J. Fishbein


Adam J. Fishbein  (AF-9508)
Attorney At Law
Attorney for the Plaintiff
735 Central Avenue
Woodmere, New York 11598
516-668-6945
fishbeinadamj@gmail.com

Plaintiff demands trial by jury on all issues so triable.

_____
Adam J. Fishbein